UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN KAISER, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-1288 (RBK) |
| | : | |
| v. | : | |
| | : | |
| WARDEN JORDAN HOLLINGSWORTH, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has also filed a motion to expedite. He claims that he is entitled to a six-month period of home confinement as opposed to a thirty-day placement in a residential re-entry center as ordered by the Federal Bureau of Prisons ("BOP"). For the following reasons, petitioner's habeas petition and his motion to expedite will be denied.

## II. BACKGROUND

In 2011, petitioner was sentenced in the United States District Court for the Eastern District of New York to seventy-two months imprisonment for receipt of child pornography, His current projected release date is November 29, 2016. On June 18, 2015, petitioner's Unit Team completed a residential re-entry center consideration form. (*See* Dkt. No. 3-1 at p. 31) It ultimately recommended that petitioner be placed in an RRC for a period of thirty days. The Unit Team noted as follows with respect to petitioner:

> Inmate Kaiser is a 62-year old male who was sentenced out of the
> Eastern District of New York and is currently serving a 72-month

sentence with 5-years supervision to follow this term of incarceration for Receipt of Child Pornography. He arrived at FCI Fort Dix, New Jersey, on October 25, 2011. He plans to reside with his wife of forty years upon his release and does not require relocation. He does not have any dependents to support and has a great support system upon release. His Inmate Skills Development Plan is complete. His living skills and programming participation are rated as good. Inmate Kaiser has an associate's degree in Business Administration. Prior to incarceration, inmate Kaiser held employment as a behavioral assessor, vice president, director, and manager of marketing, vice president of contact center and enterprise markets, independent consultant for a call center business, and operations manager; this is dated from 1973 until his arrest for the instant offense. Upon release, inmate Kaiser has employment opportunities to return to his previous career as a marketing executive and consultant, or enter into the paralegal field, or become a fiber optic technician. While incarcerated, inmate Kaiser completed twenty educational classes and two vocational training classes. He participates in the Release Preparation Program and successfully completed FRP to pay his financial obligation to the court. During this period of incarceration, inmate Kaiser received one 300 series incident report for phone abuse. He has no prior convictions and has a substance history to include social drinking of alcohol and tried marijuana a few times in the 1960's. The Court that imposed the current sentence did not provide a statement regarding the duration of RRC placement.

With consideration of the above factors, the Unit Team considers inmate Kaiser a low-risk for recidivism. He requires little assistance from the RRC to assist with a transition back into society to reestablish family and community ties. He has taken advantage of programming opportunities available to him while incarcerated and has shown willingness to take advantage of opportunities for positive reintegration back into society. He has a college degree, employable skills, and employment opportunities upon release with possible confirmed employment. He has a secure release residence and a supportive family. He does not have any criminal history or substance abuse history. As a result, the Unit Team believes a RRC placement recommendation of 30 days is determined to be sufficient placement. Based on his current offense, the Unit Team feels the restricted component of RRC placement is appropriate.

(Dkt. No. 3-1 at p.31-32)

Petitioner filed an administrative remedy with the prison, arguing that he is should have received home confinement for six months instead of RRC placement for thirty days. The warden rejected petitioner's request for six months of home confinement on August 31, 2015. (*See* Dkt. No. 3-2 at p.12) In denying petitioner's request, the warden stated as follows:

> A review of this matter reveals you are serving a 72-month sentence for Receipt of Child Pornography. Your Pre-Sentence Investigation Report notes that forensic analysis of various items seized from your possession revealed approximately 4,495 images of child pornography and 269 video files containing child pornography, which depicted children engaged in sexually explicit activities. Per Program Statement 5100.08, Inmate Security Designation and Custody Classification, it states in a case where an inmate was charged with an offense that included Possession, Distribution, or Mailing of Child Pornography or related paraphernalia, the application of a Public Safety Factor of Sex Offender be applied. Based on your current offense, a Public Safety Factor of Sex Offender has been applied. Program Statement 7320.01, Home Confinement, states that an inmate may only be considered eligible for **direct placement** on home confinement if he or she . . . "has no public safety factor." Your citation of Section 6 of this program statement is misapplied. This chapter allows for the Residential Reentry Manager (RRM) formerly referred to as the CCM to consider you for home confinement. Institution staff are precluded from placing you on direct home confinement; however, based on Section 11 of the policy quoted above. Accordingly, your request for direct placement on home confinement is denied.

(Dkt. No. 3-2 at p.12 (emphasis in original)) Petitioner appealed the warden's decision to the Regional Director. On October 14, 2015, the Regional Director denied petitioner's appeal. (*See* Dkt. No. 3-2 at p.16) The Regional Director determined that the Unit Team had not abused its discretion in recommending petitioner receive a thirty-day placement in a RRC. Petitioner then appealed to the Central Office. However, it does not appear that petitioner received a reply to his appeal from the Central Office.

Petitioner filed this federal habeas petition on March 7, 2016. Petitioner asserts that his due process rights were violated when he was not placed on home confinement starting six months prior to his release date of November 29, 2016. He states that the BOP abused its discretion by this decision and that it did not follow its own guidelines and policies in determining the place and length of petitioner's pre-release community confinement. He requests an order placing him directly into home confinement. Prior to the respondent filing a response to this habeas petition, petitioner's Unit Team reconsidered his residential re-entry on March 16, 2016. It made the following comments and recommendations:

> Inmate Kaiser is a 62-year old male who was sentenced out of the Eastern District of New York and is currently serving a 72-month sentence with 5-years supervision to follow this term of incarceration for Receipt of Child Pornography. He arrived at FCI Fort Dix, New Jersey, on October 25, 2011, via initial designation. He plans to reside with his wife of forty years upon release and does not require relocation; his release address has not been approved by probation to date. He does not have any dependents to support and has a great support system upon his release. His Inmate Skills Development Plan is complete. His living skills and programming participation are rated as good. Inmate Kaiser has an associate's degree in Business Administration. Prior to incarceration, inmate Kaiser held employment as a behavioral assessor, vice president, director, and manager of marketing, vice-president of contact center and enterprise markets, independent consultant for a call center business, and operations manager; this is dated from 1973 until his arrest for the instant offense. He is currently assigned to the West Library Clerk work detail and earns good work evaluations. Upon release, inmate Kaiser has employment opportunities to return to his previous career as a marketing executive and consultant, or enter into the paralegal field, or become a fiber optic technician. While incarcerated, inmate Kaiser completed sixty-eight educational classes to include a 4000 hour Apprenticeship for Office Manager and a 2000 hour Apprenticeship for Housekeeping. He participates in the Release Preparation Program and successfully completed FRP to pay his financial obligation to the court. During this period of incarceration, inmate Kaiser received one 300 series incident report for phone abuse. He has no prior convictions and has a substance history to include social drinking of alcohol and tried

> marijuana a handful of times in the 1960's. The Court that imposed the current sentence did not provide a statement regarding the duration of RRC placement.
>
> Inmate Kaiser is currently incarcerated for Receipt of Child Pornography. A forensic analysis of various items seized revealed approximately 4,495 images of child pornography and 269 video files containing child pornography which previously traveled via the internet, in interstate and foreign commerce, and which depicted children engaged in sexually explicit activities. His PSI notes that the development that holds inmate Kaiser's proposed residence is directly across from an elementary and middle school.
>
> With consideration of the above factors, the Unit Team considers inmate Kaiser a low-risk for recidivism. He requires little assistance from the RRC to assist with a transition back into society. He has a college degree, employable skills, and employment opportunities upon release with possible confirmed employment. He has a proposed release residence and a supportive family. He does not have any criminal history or substance abuse history. As a result, the Unit Team believes a RRC placement recommendation of 30 days is determined to be sufficient placement. Based on his current offense, the Unit Team feels the restricted component of RRC placement is appropriate. Inmate Kaiser is not appropriate for home confinement at this time. Based on his past conduct and location of his proposed residence, he poses a threat to the community and needs the structure and control present in community based living setting.

(Dkt. No. 3-1 at p.34-35) The respondent has filed a response in opposition to the habeas petition. Petitioner then filed a motion to expedite this matter.

### III.   DISCUSSION

A federal inmate's assignment to a RRC are governed by 18 U.S.C. § 3624(c) which states in relevant part as follows:

> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

5

>(2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

18 U.S.C. § 3624(c). The statute further provides that the BOP was required to issue new regulations to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b)[1] of this title; (B) determined on an individual basis; and (C) of sufficient

---

[1] Section 3621(b) states as follows:

>(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>>(1) the resources of the facility contemplated;
>>(2) the nature and circumstances of the offense;
>>(3) the history and characteristics of the prisoner;
>>(4) any statement by the court that imposed the sentence--
>>>(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>(B) recommending a type of penal or correctional facility as appropriate; and
>>
>>(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
>In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

duration to provide the greatest likelihood of successful reintegration into the community." *See id.* § 3634(c)(6).

This Court reviews whether the BOP abused its discretion in determining that petitioner would have thirty days of placement in an RRC.[2] *See Wilson v. Strada*, 474 F. App'x 46, 48 (3d Cir. 2012) (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990). "The BOP exercises its authority pursuant to the Second Chance Act to determine individual RRC placements by applying the five factors set forth in section 3621(b). The sixth factor used by the BOP is participation and/or completion of Skills Development programs pursuant to 42 U.S.C. § 17541." *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012).

As stated in *supra* Part II, on March 16, 2016, petitioner's Unit Team reconsidered petitioner's RRC placement.[3] The form completed by the Unit Team indicates that they considered the § 3621(b) factors in deciding if/when petitioner would stay at a RRC as well as whether he completed inmate skills development programming. The Unit Team noted that home confinement was not appropriate based on petitioner's past conduct of receipt of child pornography and the location of his proposed residence near an elementary and middle school. Thus, the Unit Team determined that placement in the more restricted component of an RRC was

---

18 U.S.C. § 3621(b)

[2] In *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2010), the Third Circuit stated that the review of a habeas petition on the merits such as petitioner's is limited only to whether the BOP abused its discretion. *See also Wilson*, 474 F. App'x at 48 ("Our review is limited to whether the BOP abused its discretion); *Burns v. Hollingsworth*, No. 13-7027, 2014 WL 3058436, at *2 (D.N.J. July 7, 2014) (same).

[3] Because the Unit Team's March 16, 2016 reconsideration is the most recent pronouncement from the BOP with respect to petitioner's placement in a RRC, this Court will examine that decision to determine whether the BOP has abused its discretion.

appropriate. However, the Unit Team also noted that petitioner did not need much time at the RRC to assist with his transition based on his college degree and employable skills.

The record indicates that the Unit Team did not abuse its discretion in recommending that petitioner be placed in an RRC for thirty days rather than the six months of home confinement that petitioner seeks. Indeed, the Unit Team made an individualized determination of the statutory factors. "Nothing in the Second Chance Act entitles a federal prisoner to any particular length of pre-release placement in an RRC." *See Nelson v. Zickefoose,* No. 12–2269, 2013 WL 140049, at *6 (D.N.J. Jan. 9, 2013); *see also Reeves v. Fed. Bureau of Prisons,* No. 13–1795, 2014 WL 673019, at *2 (D.N.J. Feb. 21, 2014) ("Petitioner has no vested right in ... being placed in a RRC on a certain date."); *Spells v. Ebbert,* No. 12–0783, 2012 WL 6498723, at *13 (M.D. Pa. Nov.19, 2012) ("[T]he [Second Chance Act] does not entitle inmates to maximum 12–month placements in RRC programs, or to any other length of placement.") (citation omitted), *report and recommendation adopted by,* 2012 WL 6497468 (M.D. Pa. Dec.13, 2012). Petitioner has no liberty interest in being placed in home confinement as opposed to being placed in an RRC. *See Rivera v. Schultz*, No. 09-6133, 2010 WL 4366122, at *3 (D.N.J. Oct. 27, 2010) (petitioner has no constitutional or statutory liberty interest in particular length of RRC or home confinement placement); *Pennavaria v. Gutierrez*, No. 07-0029, 2008 WL 619197, at *9 (N.D. W. Va. Mar. 4, 2008) ("[F]ederal prisoners do not have a protected liberty interest in being placed on home confinement and the BOP has complete and absolute discretion regarding *where* a prisoner is to be held in pre-release confinement.") (emphasis added) (citation omitted). Therefore, the habeas petition will be denied as the BOP has not abused its discretion.

Because petitioner's habeas petition is being denied, his motion to expedite will also be denied.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.


DATED:  October 20, 2016                                             s/Robert B. Kugler
                                                                     ROBERT B. KUGLER
                                                                     United States District Judge